**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KEITH QUINTARIUS SMITH,**

**Plaintiff,**

**v.** **Case No. 26-CV-1427**

**TYLER PYTLIK and**
**WAUWATOSA POLICE DEPARTMENT,**

**Defendants.**

---

**DECISION AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

---

Keith Quintarius Smith sues Tyler Pytlik, an officer with the Wauwatosa Police Department ("WPD"), as well as the WPD, under 42 U.S.C. § 1983 for allegedly violating his rights under the First and Fourth Amendments. Smith has also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because I find that Smith is indigent for purposes of the federal *in forma pauperis* statute, his motion for leave to proceed without prepayment of the filing fee is granted. Further, because his complaint against Pytlik is not frivolous or malicious and states a claim, Smith will be allowed to proceed on this claim. However, because the WPD is not a suable entity under § 1983, it is dismissed.

**ANALYSIS**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first

determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In his motion to proceed without prepayment of the filing fee, Smith states that he is employed and receives monthly wages of $1,100.00. (Docket # 2 at 1–2.) He is responsible for supporting his two minor daughters and has monthly expenses totaling $1,475.00. (*Id.* at 2–3.) While he owns a vehicle worth approximately $1,500.00 and has approximately $645.00 in cash, checking, savings, or other similar account, he has no other assets. (*Id.* at 3–4.) Based on the information provided in Smith's motion, I am satisfied that he is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Smith's complaint is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Smith alleges

that on June 22, 2026, Officer Pytlik conducted a traffic stop of Smith's vehicle for an alleged traffic violation. (Docket # 1 at 2.) Smith alleges that after determining that the vehicle was registered to Smith, Pytlik improperly prolonged the traffic stop by asking multiple questions including whether he had weapons in the vehicle. (*Id.* at 2–3.) Smith pushed back at Pytlik's questioning, prompting Pytlik to tell Smith that he did not like his attitude. Smith states that Pytlik told his supervisor that Smith was being argumentative, that he smelled of marijuana and alcohol, and that he was afraid Smith would engage in a high speed chase. (*Id.* at 3.) Smith alleges that Pytlik returned to his vehicle and searched it without probable cause. (*Id.*) Despite not finding any drugs or alcohol, Smith states that he was arrested for DUI and possession. (*Id.*) Smith asserts that a subsequent blood test indicated that his blood alcohol content was well below the legal limit. (*Id.*) Smith alleges that Pytlik violated his rights under the Fourth and First Amendments by searching his car and arresting him without probable cause and by retaliating against him because Pytlik did not like Smith's "argumentative" attitude. (*Id.*)

Smith sues Pytlik and the WPD under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). As an initial matter, while Smith sues the WPD, the "Seventh Circuit long ago explained that 'a police department is not a suable entity under [Section] 1983.'" *Piering v. City of Wauwatosa*, No. 21-CV-1045-BHL, 2022 WL 4366644, at *2 (E.D. Wis. Sept. 21, 2022) (quoting *Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009)). Thus, all claims against the WPD are dismissed and the WPD is dismissed as a party to this action.

As to Pytlik, however, Smith's complaint states a plausible claim under § 1983. Smith asserts that Pytlik deprived him of his constitutional rights while acting under color of state law as a police officer. Thus, Smith's claims against Pytlik will proceed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Wauwatosa Police Department is **DISMISSED** as a party to this action.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendant Pytlik. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a)(1)(A) & (b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Although Congress requires the Court to order service by the United States Marshals Service because *in forma pauperis* plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Dated at Milwaukee, Wisconsin this 25th day of August, 2026.

BY THE COURT

Nancy Joseph

NANCY JOSEPH
United States Magistrate Judge